IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LAVERTICE BARBER,** | ) | **CASE NO. 8:10CV167** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **NEBRASKA DEPARTMENT OF** | ) | |
| **CORRECTIONAL SERVICES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Plaintiff filed his Complaint in this matter on April 30, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.     SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on April 30, 2010, against the Nebraska Department of Correctional Services ("NDCS"), Tecumseh State Correctional Institution ("TSCI") and seven individuals. (Filing No. 1 at CM/ECF pp. 1-3.) Plaintiff is currently confined at TSCI in Tecumseh, Nebraska. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that on June 14, 2009, he was placed in solitary confinement for allegedly slamming a door on a prison staff member's hand. (*Id*. at CM/ECF p. 3.) On June 26, 2009, the NDCS Disciplinary Committee ("Disciplinary Committee") found Plaintiff guilty and imposed sanctions including disciplinary segregation. (*Id*. at CM/ECF pp. 15-16.) Plaintiff appealed to the NDCS Disciplinary Committee Appeals Board ("Board"), which affirmed the Disciplinary Committee's decision on August 6, 2009. (*Id*. at CM/ECF p. 16.) Plaintiff then filed an action under the Administrative Procedure Act

in the Nebraska District Court of Johnson County, Nebraska ("Nebraska District Court"). (*Id*. at CM/ECF p. 4.)

On November 30, 2009, the Nebraska District Court reversed the Board's decision because it "erroneously determined" that a crucial fact existed that "did not in fact exist." (*Id*. at CM/ECF pp. 17-18.) The Nebraska District Court remanded the matter to determine "what actually happened on . . . June 14, 2009." (*Id*. at CM/ECF p. 18.)

On January 19, 2010, the Disciplinary Committee held a rehearing on and determined that Plaintiff was guilty. (*Id*. at CM/ECF p. 7.) Again, Plaintiff appealed to the Board. (*Id*. at CM/ECF p. 6.) On February 18, 2010, the Board reversed the Disciplinary Committee's decision because there was no evidence that Plaintiff knew, or should have known, that the staff member's hand was in the door when he shut it. (*Id*. at CM/ECF p. 8.)

Despite the Board's decision, Plaintiff alleges that he remains confined in administrative segregation and that this confinement violates his due process rights. (*Id*. at CM/ECF pp. 7, 10.) Plaintiff seeks injunctive relief in the form of a court order that directs Defendants to release him from segregation and place him back in the general population. (*Id*.) He also seeks compensatory and punitive damages for the emotional distress associated with the time that he has been held in administrative segregation. (*Id*. at CM/ECF pp. 8-10.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to

determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.     DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges Defendants deprived him of the right to be a part of the general prison population without adequate due process.  The Due Process Clause by itself does not accord a prisoner a liberty interest in remaining in the general population.  *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005).  Rather, prison officials must receive "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Accordingly, the Eighth Circuit has held that an inmate "does not have a constitutional right to a particular prison job or classification."  *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2004) (unpublished per curiam decision) (stating that inmate has "no liberty interest in a particular classification").  Thus, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship."  *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Moreover, the Eighth Circuit has consistently held that "administrative and disciplinary segregation are not atypical and significant hardships[.]"  *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.").

4

Here, Plaintiff complains that his confinement in administrative segregation violates his due process rights. (Filing No. 1.) However, Plaintiff does not allege anything about his conditions of his confinement or that his confinement is imposing "an atypical and significant hardship." Thus, Plaintiff has not alleged sufficient facts to meet the threshold requirement to challenge his segregation status under the Due Process Clause and his claims are dismissed for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

2. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e)(2);

3. A separate judgment will be entered in accordance with this Memorandum and Order; and

4. The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

DATED this 18th day of June, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.